**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Douglas VanVickle, | Case No. 23-cv-618 (ECT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Douglas VanVickle initiated his action with a petition for a writ of habeas corpus contending that several state-court convictions he has incurred are invalid because, among other reasons, "the complainant is not an injured party in compliance with commercial law" and therefore was not subject to the jurisdiction of the state courts. In an order dated May 10, 2023, this Court ordered VanVickle to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2254(b) for failure to exhaust state-court remedies for his claims. *See* Dkt. No. 7. VanVickle was directed to respond within 28 days of the date of that Order, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See id.* (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and VanVickle has not responded to the Court's prior Order. In fact, VanVickle—whose whereabouts currently are unknown—has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See*

*Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Alternatively, this matter may be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Section 2254(b) requires that habeas petitioners in custody pursuant to the judgment of a state court exhaust available state-court remedies for their claims before seeking federal habeas corpus relief. For § 2254(b) purposes, a petitioner has exhausted a claim when he or she has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Brende v. Young*, 907 F.3d 1080, 1084 (8th Cir. 2018) (citing *O'Sullivan*). As explained in the Court's prior Order, *see* Dkt. No. 7 at 2, the state-court records available to this Court provide no basis for suggesting that VanVickle has exhausted his state-court remedies for any matter listed in his petition. Having been offered an opportunity to explain how his claims for relief have been exhausted, VanVickle has demurred. Dismissal without prejudice under § 2254(b) is therefore warranted.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT**

**PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute or, alternatively, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated: June  15  , 2023                             s/ Tony N. Leung
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *VanVickle v. State of Minnesota*
                                                    Case No. 23-cv-618 (ECT/TNL)

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).